Dear Mr. Cassidy:
We are in receipt of your request for an opinion regarding the domicile of a school board member. Specifically, you have asked:
 1. Whether or not a school board member representing District 1 may continue to hold his seat if he changes his domicile to District 2?
 2. Whether or not this board member's seat would still be vacated if he moved to District 2 after reapportionment?
In response to your first question, LSA-R.S. 17:52(E) states:
 (1) Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, reside in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board. However, at the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification.
 (2) The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
 (3) For purposes of this Section, "domicile" means a person's principle or habitual place of residence.
LSA-R.S. 18:581(1) states, in pertinent part:
 A "vacancy" occurs in an elective office when . . . the person elected to or holding the office no longer meets the residence or domicile requirements of that office, . . .
LSA-R.S. 18:602(B) states, in pertinent part:
* * *
 B. . . . For the purposes of this Subsection, in addition to the definition of "vacancy" provided in R.S. 18:581(1), a "vacancy" in a city or parish school board office shall be deemed to have occurred when, . . ., in the case of a parish school board, a member changes his domicile from the district he represents or, if elected after reapportionment, is domiciled outside the district he represents at the time he is sworn into office, any declaration of retention of domicile to the contrary notwithstanding.
* * *
Considering the foregoing statutes, the law clearly states that a school board member must reside within the district that he or she represents. Should a board member decide to move his residence from the district he represents during his term in office, his seat would be vacated according to law. Therefore, the board member in question can not reside in District 2 if he intends to continue to occupy his seat as a member of the school board representing District 1. Additionally, in responding to the question of whether the act of moving from the district, in which elected, disqualifies a school board member from continuing to hold office in that district, Attorney General Opinion Number 90-585 states, in pertinent part, . . . "The act of moving from the district disqualifies the person from continuing to hold the office. A person who no longer lives in the district would not be qualified to become a candidate."
In answer to your first question, it is the opinion of this office that a school board member who moves his domicile to a district other than the one to which he was elected to serve, shall not continue to hold office, and his seat shall be declared vacant by the remaining members of the board, all in accordance with the Election Code.
In response to your second question, as you have stated, if after reapportionment the board member changes his place of residence from the district he serves, he still may not continue to hold office. Reiterating, R.S. 18:602(B) states that when a board member changes his domicile from the district he represents, a vacancy shall be deemed to have occurred. Again, it is our opinion that a school board member must remain domiciled in the district in which he was elected to remain in office for his term, even after reapportionment. He may move around within his district, but once he moves outside of his district, a vacancy is created.
With regard to reapportionment, however, if the board member desires to qualify in a district created in whole or in part from his old district, following reapportionment, he may do so if he was domiciled in the old district for at least one year immediately preceding his qualification and he was a resident of the state for two years preceding qualifying. Therefore, in your scenario, the board member may qualify in any district created in whole or in part from District 1, provided he moves into the new district prior to being sworn into office. Therefore, if District 2 was created in whole or in part from District 1 during reapportionment, he may qualify to run in District 2, and if elected, he must move to District 2 prior to being sworn into office. Meanwhile, he must remain domiciled in District 1 to represent the people of District 1.
If we may be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL:tcw:lg
Enclosures